IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

JASON A. HANSON,

   Defendant.

Case No. 09-cr-40003-JPG-7

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Jason A. Hanson's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 565). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 568). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 572). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to manufacture methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 1.22 kilograms of methamphetamine, *see* 2d Rev. PSR ¶ 29, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32. However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1 his offense level was 37. That offense level was reduced

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2009 version.

by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes. This established a total offense level of 34. *See* 2d Rev. PSR ¶ 45.

The defendant's criminal history category, established by both his career offender status and his 23 criminal history points, was VI. *See* 2d Rev. PSR ¶ 61. Two of his criminal history points were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points"). *See* 2d Rev. PSR ¶ 60. This yielded a guideline sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 300 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had fewer than 7 criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to zero. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  It is true that Part A of Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 23 to 22,[2] but he still falls within criminal history VI.  Anything over 12 criminal history points results in a criminal history category of VI.  *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A.  Additionally, career offender status results in a criminal history category of VI.  *See* U.S.S.G. § 4B1.1(b).  Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 568) and **DENIES** Hanson's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 565).  Counsel Judith A. Kuenneke is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   March 26, 2024**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**

---

[2] Hanson mistakenly believes Amendment 821 reduces his offense level.  It does not.